IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN D. TARVER,

    Plaintiff,

    v.

I.C. SYSTEM, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 6:26-cv-01290-JSS-NWH

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BENJAMIN D. TARVER ("Plaintiff"), sues Defendant I.C. SYSTEM, INC. ("Defendant"), and alleges:

## INTRODUCTION

1. This is an action for damages arising from Defendant I.C. System, Inc.'s attempts to collect and report an alleged consumer debt that Plaintiff disputed as invalid and unsupported.

2. Plaintiff repeatedly informed Defendant that the alleged balance arose from charges that accrued years after Plaintiff had ceased using the underlying mailbox-forwarding service and that Defendant lacked documentation establishing Plaintiff's continuing legal obligation for the claimed balance.

3. Despite receiving multiple written disputes and requests for validation, Defendant continued collection activity and continued furnishing the alleged debt to consumer reporting agencies.

-1-

4. Plaintiff seeks relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.

## PARTIES

5. Plaintiff Benjamin D. Tarver is a natural person and consumer residing in Orange County, Florida.

6. Defendant I.C. System, Inc. is a Minnesota corporation engaged in the business of collecting consumer debts and regularly uses the instrumentalities of interstate commerce in connection with debt collection activities.

7. At all times relevant, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FDCPA.

9. This Court has supplemental jurisdiction over Plaintiff's related FCCPA claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Plaintiff resides in this District.

## FACTUAL ALLEGATIONS

11. Plaintiff previously maintained a mailbox-forwarding account identified as account number 30655.

12. Plaintiff ceased using the service and contends the account was cancelled in or around 2020.

-3-

13. Following cancellation, Plaintiff did not believe he remained obligated for recurring monthly charges or storage fees.

14. On or about January 30, 2026, Defendant sent Plaintiff a collection notice seeking approximately $7,509.80 allegedly owed to Mailbox Forwarding, Inc.

15. The alleged balance included recurring monthly plan charges and recurring envelope-storage charges spanning multiple years.

16. Defendant furnished the alleged debt to consumer reporting agencies.

17. By May 2026, the collection account appeared on Plaintiff's Experian and TransUnion credit reports.

18. The reported collection balance was approximately $7,509.00.

19. On March 4, 2026, Plaintiff sent Defendant a written dispute challenging the validity of the alleged debt and requesting validation.

20. Plaintiff informed Defendant that he disputed the alleged balance and denied owing the amount claimed.

21. On March 17, 2026, Defendant responded to Plaintiff's dispute.

22. Defendant acknowledged Plaintiff's dispute and stated that information verifying the debt was enclosed.

23. The materials provided by Defendant included an account summary, invoice, USPS Form 1583, and identification records.

24. Plaintiff contends Defendant did not provide a contract, renewal agreement, cancellation policy, renewal provision, or other documentation establishing Plaintiff's legal obligation for charges allegedly accruing between 2021 and 2025 or demonstrating that Plaintiff remained contractually obligated after the account was discontinued.

25. On April 3, 2026, Plaintiff sent additional written notices and disputes to Defendant and Defendant's officers and representatives.

26. Those notices again challenged the validity of the alleged debt and asserted that Plaintiff did not owe the balance being claimed.

27. Despite receiving Plaintiff's disputes, Defendant continued furnishing and updating the collection account.

28. Defendant updated the account with consumer reporting agencies on or about April 26, 2026.

29. On May 2, 2026, Plaintiff commenced an action against Defendant in Orange County small claims court.

30. Defendant was served with process on or about May 8, 2026.

31. After litigation commenced, defense counsel contacted Plaintiff regarding potential settlement discussions.

32. Plaintiff subsequently observed that the collection tradeline had been removed from his consumer credit reports.

33. As a result of Defendant's conduct, Plaintiff experienced stress, frustration, emotional distress, loss of time, and credit-related harm.

## COUNT I
### Violation of 15 U.S.C. § 1692e(2)(A)
### (False Representation of the Character, Amount, or Legal Status of a Debt)

34. Plaintiff realleges Paragraphs 14 through 24.

35. Defendant represented that Plaintiff owed approximately $7,509.80.

36. Plaintiff disputed owing the alleged balance.

37. Defendant responded to the dispute but did not provide documentation that Plaintiff contends established a continuing legal obligation for the charges allegedly accruing between 2021 and 2025.

38. Defendant nevertheless continued representing that the debt was owed.

39. Defendant's conduct constituted a false representation of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

40. Plaintiff suffered damages as a result.

## COUNT II
### *Violation of 15 U.S.C. § 1692e(10)*
### *(False, Deceptive, or Misleading Means to Collect a Debt)*

41. Plaintiff realleges Paragraphs 19 through 28.

42. Plaintiff repeatedly informed Defendant that he disputed the alleged debt.

43. Defendant continued collection activity after receiving Plaintiff's disputes.

44. Defendant continued relying upon documentation that Plaintiff contends did not establish a legal basis for the alleged balance.

45. Defendant continued reporting and updating the collection account despite Plaintiff's disputes.

46. Defendant's conduct constituted the use of false, deceptive, or misleading means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e(10).

47. Plaintiff suffered damages as a result.

## COUNT III
### *Violation of 15 U.S.C. § 1692f*
### *(Unfair or Unconscionable Collection Practices)*

48. Plaintiff realleges Paragraphs 14 through 32.

49. Defendant attempted to collect thousands of dollars in charges that Plaintiff disputed as unauthorized and unsupported.

50. Defendant continued collection efforts after receiving multiple written disputes.

51. Defendant continued furnishing and updating the collection account after receiving those disputes.

-5-

52. Under the circumstances alleged, Defendant employed unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

53. Plaintiff suffered damages as a result.

**<u>COUNT IV</u>**
***Violation of Fla. Stat. § 559.72(9)***
***(Attempting to Enforce a Debt Known Not to Be Legitimate)***

54. Plaintiff realleges Paragraphs 19 through 32.

55. Plaintiff repeatedly informed Defendant that he disputed the debt and requested documentation supporting the alleged obligation.

56. Defendant received and acknowledged Plaintiff's dispute.

57. Defendant nevertheless continued attempting to collect the debt and continued furnishing the debt for credit-reporting purposes.

58. Defendant acted with actual knowledge, or with reason to know, that the alleged debt was disputed and that substantial questions existed regarding Plaintiff's legal obligation for the charges being claimed.

59. Defendant attempted to enforce a debt despite knowledge or reason to know that the debt was not legitimate or was otherwise disputed.

60. Defendant's conduct violated Fla. Stat. § 559.72(9).

61. Plaintiff suffered damages as a result.

## JURY TRIAL DEMAND

62. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff

and against Defendant as follows:

(a)    Award actual damages pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

(b)    Award statutory damages pursuant to 15 U.S.C. § 1692k;

(c)    Award damages in the total amount of $12,800, inclusive of actual damages,

statutory damages, emotional distress damages, consequential damages, and all

other recoverable relief authorized by law;

(d)    Award costs of suit;

(e)    Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL  32801
T: 407-308-2968
E: litigation@civilfilings.com

Dated: June 11, 2026

*Plaintiff, Pro Se*