# Exhibit E

Plaintiff's April 3, 2026 Follow-Up Dispute Letter to I.C. System

# BENJAMIN D. TARVER

April 3, 2026

I.C. System, Inc.
Attn: Legal Department
444 Highway 96 East
St. Paul, MN 55164-0378

Re: Fraudulent Post-Cancellation Billing, Fabricated Storage Charges, and Imminent Federal Claims Account No. 30655 I.C. System Ref. No. 412167085-1-59

To the Legal Department:

This letter concerns the alleged Mailbox Forwarding account your company is attempting to collect. I am notifying you directly that the charges claimed after my cancellation in 2020 are fraudulent, unvalidated, and legally indefensible.

1. I used the service until 2020 and canceled it. All charges after cancellation are unauthorized. There was no renewal, no consent, no usage, and no legal basis for continued billing.
2. The "storage charges" you provided as validation are fabricated. Your invoice shows monthly "storage" counts such as 868 pieces, 840 pieces, 784 pieces, 812 pieces, and 868 pieces. Storage counts do not fluctuate up and down unless someone is manually altering them. These numbers cannot represent mail received, and they cannot represent mail in storage.

If 868 envelopes were actually in storage, I would have been billed over $80 per month at the time. My actual billing was $14.95. Your own invoice contradicts your historical billing. This is direct evidence of false accounting and fabricated charges.

3. The debt is time-barred. You are attempting to collect charges from 2021 through 2025, well outside the statute of limitations for contract claims.
4. You failed to provide proper validation under FDCPA 809(b). An internally generated invoice, a USPS Form 1583 from 2014, and unrelated identification copies do not constitute validation. You provided no contract, no renewal terms, no usage records, and no evidence supporting the fabricated storage charges.

101 Lake Ave #1706
Orlando, FL 32801
bentarverflorida@gmail.com

5. Any attempt by I.C. System to report this debt to any credit bureau will trigger immediate federal action. If this account is furnished to any consumer reporting agency, you will be liable for violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, including:

FDCPA 807(2)(A): Misrepresenting the character, amount, or legal status of a debt FDCPA 807(8): Communicating false credit information FDCPA 807(10): Deceptive means to collect FDCPA 809(b): Continuing collection without proper validation FCRA 623(a)(1)(A): Furnishing information known to be inaccurate FCRA 623(a)(3): Failure to report a debt as disputed FCRA 623(a)(5): Furnishing obsolete information

6. Potential Federal Claim Exposure If you report this debt, the damages available include: – FDCPA statutory damages up to $1,000 – FCRA statutory damages of $1,000 per violation – Actual damages for credit harm and related losses – Attorney's fees and costs – Punitive damages for willful FCRA violations

Given the number of fabricated charges and the multi-year span of false billing, total exposure could exceed $10,000 to $25,000 or more depending on the number of violations and the impact of any reporting.

7. Required Action You are instructed to: – Permanently cease all post-cancellation billing – Permanently cease all credit reporting or furnishing of this account – Close this file – Provide written confirmation that no reporting will occur

This is your final notice before federal action.

Sincerely,

Benjamin D. Tarver