UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **BENJAMIN D. TARVER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**I.C. SYSTEM, INC.,**<br><br>**Defendant.** | **Case No.: 6:26-cv-01290-JSS-NWH** |

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on August 25, 2026. Pro se Plaintiff Benjamin Tarver and Attorney Dale T. Golden, Counsel for Defendant, attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 9/9/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 9/19/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | |
| . Plaintiff | 7/18/2027 |
| Defendant | 8/16/2027 |
| Rebuttal | 9/9/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 9/16/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 10/1/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>AndrewHament; (888)741-2224; (321)266-6362<br>andy@adrsource.com<br>1345 North Highway A1A Unit 206<br>Indialantic, FL 32903 | 9/29/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 1/31/2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 2/12/2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 3/12/2028 |
| Month and year of the trial term. | March 2028 |

The trial will last approximately 1-2 days and be

☒ jury.

☐ non-jury.

**3. Description of the Action**

**PLAINTIFF'S DESCRIPTION:** Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq., arising from Defendant's attempts to collect and report an alleged consumer debt that Plaintiff disputed as invalid and unsupported. Plaintiff alleges that Defendant sought approximately $7,509.80 in charges associated with a mailbox-forwarding account that Plaintiff contends had been discontinued years earlier, continued collection activity and furnishing the alleged debt to consumer reporting agencies after receiving multiple written disputes, and failed to provide documentation establishing Plaintiff's continuing legal obligation for the disputed charges. Plaintiff asserts claims for false representation of the character, amount, or legal status of a debt under 15 U.S.C. § 1692e(2)(A), false or misleading collection practices under § 1692e(10), unfair or unconscionable collection practices under § 1692f, and attempting to enforce a debt known or reasonably known not to be legitimate under Fla. Stat. § 559.72(9). Plaintiff seeks actual damages limited to any specific economic loss expressly alleged in the operative Complaint, statutory damages, costs, and other appropriate relief, including total damages of $12,800 as alleged in the Complaint.

**DEFENDANT'S DESCRIPTION:** Defendant I.C. System, Inc. is a debt collector that received a placement from Mailbox Forwarding, Inc. to collect an alleged past-due balance of $7,509.80 on account number 30655. Defendant sent Plaintiff a collection notice, received Plaintiff's written dispute, provided validation materials (including an account summary, invoices, and related records), noted the dispute, and honored Plaintiff's request to cease further communications. Defendant furnished information about the account to consumer reporting agencies in the ordinary course of collection. Defendant denies that it violated the FDCPA or FCCPA, denies that it made any false representation of the character, amount, or legal status of the debt, denies that it used false, deceptive, misleading, unfair, or unconscionable means, and denies that it attempted to collect a debt it knew or had reason to know was not legitimate. Defendant denies that Plaintiff is entitled to any damages or other

relief. Without admitting liability, Defendant asserts that any error was the result of a bona fide error despite Defendant's maintenance of reasonable procedures designed to prevent such error, and that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8. Discovery Practice**

| |
|---|
| The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District. |

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes:

B. Discovery may be needed on these subjects:

Plaintiff: Plaintiff anticipates obtaining the evidence necessary to support his claims primarily from third parties and does not currently expect to serve requests directly on Defendant. Plaintiff reserves the right to seek information from Defendant if necessary based on its pleadings, defenses, disclosures, third-party productions, or other developments in the case.

Plaintiff is not seeking damages for emotional distress, mental anguish, humiliation, embarrassment, reputational injury, reduced credit score, denial of credit, lost wages, diminished earning capacity, general financial hardship, the monetary value of personal time, or comparable personal or noneconomic harm. Except for any specific economic loss

expressly alleged in the operative complaint, Plaintiff is not placing his medical, psychological, employment, income, general financial, unrelated credit, or personal history at issue as a component of damages.

Discovery directed solely toward those disclaimed categories is not relevant to any damages theory Plaintiff is pursuing, and Plaintiff will object to such discovery. Plaintiff's claims and anticipated discovery instead concern Defendant's conduct, records, procedures, systems, communications, investigations, compliance practices, defenses, willfulness, recklessness, and any systemic aspects of the alleged violations.

<u>Defendant</u>: Defendant anticipates discovery concerning the underlying Mailbox Forwarding account (account opening, terms, billing history, card-on-file cancellation versus account cancellation, storage charges, and communications between Plaintiff and the original creditor); the information and documents Defendant received from the creditor; Plaintiff's disputes and all communications with Defendant; Defendant's collection, validation, and credit-reporting procedures and practices; Plaintiff's claimed damages, causation, and any mitigation; Plaintiff's credit reports and any alleged credit-related harm; and facts relevant to Defendant's affirmative defenses, including bona fide error and the statute of limitations.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes.

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A),

Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

Plaintiff's position: Plaintiff does not currently anticipate seeking discovery from Defendant and therefore does not believe that any special privilege-log, clawback, or Rule 502(d) procedure is necessary at this time. Plaintiff will comply with the Federal Rules if any privilege or work-product issue arises.

Defendant's position: Defendant will comply with Rule 26(b)(5)(A) by producing a privilege log for any document withheld on the basis of attorney-client privilege, work-product protection, or other applicable privilege or protection. The log will identify the document (or category of documents), date, author, recipients, and the privilege or protection asserted. Defendant proposes that the parties adopt a clawback procedure for inadvertently produced privileged or trial-preparation materials and request that the Court enter an order under Federal Rule of Evidence 502(d) providing that such inadvertent production does not constitute a waiver in this or any other federal or state proceeding. Defendant does not currently anticipate any unusual privilege issues beyond those typical in FDCPA/FCCPA litigation involving a debt collector's files, communications with the original creditor, and counsel.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

| | |
|---|---|
| */s/ Benjamin D. Tarver* | */s/ Dale T. Golden* |
| Benjamin Tarver | Dale T. Golden |
| | *Counsel for Defendant* |
| Plaintiff, *Pro Se* | |
| 8/25/2026 | 8/25/2026 |